Dear Honorable Jay Dardenne:
You requested an opinion as to whether a "licensed device manufacturer is eligible to be awarded [a] contract to participate in the operation of a central system." By way of explanation, the Louisiana Department of Public Safety, Office of State Police, operates a Central Monitoring and Control System ("System") which connects all licensed and enabled video gaming devices. This system provides the State Police with the ability to monitor video draw poker device operation and to remotely shutdown those operations.
La.R.S. 27:316(B) provides:
 No person licensed by the division as a manufacturer, distributor, or device owner may participate in the operation of any computer programs, software or device which is used for the polling or reading of video draw poker device operations or for the remote shutdown of those operations as provided for in R.S. 27:302(A)(5)(o).
La.R.S. 27:302(A)(5)(o) provides that the licensed and enabled video draw poker devices "must be linked by telecommunication to a central computer for purposes of polling or reading device activities and for central computer remote shutdown of device operations."
In analyzing this section, it is necessary to interpret the specific language used in the statute, particularly the phrase "participate in the operation". The following rules of statutory construction provide guidance: The words of law must be given their generally prevailing meaning. La. C.C. Art. 11. Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. La.R.S. 1:3. A statute should be given a construction according to fair import of its words taken in their usual sense, in connection with the context, and with reference to the purposes of the provisions. State v. Truby, 29 So.2d 758 (La. 1947).
The use of the phrase "participate in the operation" implies a joint or shared effort in the control or direction of a certain function, in this instance, the Central Computer System for the polling and disabling video draw poker devices. To paraphrase, the pertinent provision of the applicable statute can be read as follows: No licensed manufacturer may take part in the control or direct the functioning of the polling or disablement of video draw poker devices. This would not seem to limit a licensed manufacturer in developing, providing and supplying the computer program or software for the System, or perhaps even maintaining the applicable software, as long as the licensed manufacturer does not have the ability to poll or disable devices; in other words, operate the System. Of course a specific determination of whether there is "participation in operation" would need to be made on a case by case basis under the terms of any proposal submitted by a licensed manufacturer.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of further assistance.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 Leonce G. Gautreaux., Assistant Attorney General Deputy Director, Gaming Division
CCF, jr./LGG/wba